UNITED STATES BANKRUPTCY
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BRENDA L. EDWARDS,

      Debtor.
_____/

Case No.: 12-42779-wsd
Chapter 7
Hon. Walter Shapero

## OPINION GRANTING DEBTOR'S MOTION TO DISMISS
## AND BAR FUTURE FILING

Wexford Parkhomes Condominium Association, hereinafter referred to as the "Creditor," has filed a Motion to Dismiss and to Bar Future Filings. Debtor previously filed a Chapter 7 case, 10-65835, the history of which is detailed in two opinions and/or orders of this Court in that case. The first was an Order Granting Motion to Dismiss and Barring Future Filings, being Docket #56 dated February 24, 2011. The second was Opinion Regarding Creditor's Motion to Dismiss, being Docket #82 in that same case. The end result of those two actions was that the prior Chapter 7 case was dismissed and the Court imposed a two year time bar to a refiling. However, in a later opinion (dated August 30, 2011) after reinstatement of the case (Docket No. 82), the Court in effect vacated the refiling bar and the dismissal and granted the Debtor the right to convert her case to Chapter 13, which she did. That occurred on November 17, 2011. However, that Chapter 13 case was dismissed on January 5, 2012, due to the Debtor's failure to file a plan and otherwise appropriately pursue the case.

Thereafter on February 8, 2012, Debtor filed this Chapter 7 case in response to which Creditor filed its motion to dismiss for abuse under § 707(a) and (b), alleging (1) various misstatements in her Schedules, particularly Schedules I and J, as well as the means test (much of

1

which is similar to what the Court noted in its August 30, 2011 Opinion in the prior case in which the underlying facts led the Court to specifically state that such presented a credible case for dismissal and afforded a future filing bar); (2) misstatements at her 341 hearing in this case;and (3) the noted prior history of Debtor and the Court's actions in her previous case.

The procedural history of this case also bears on the issues. There was an evidentiary hearing on the dismissal motion on July 3, 2012, following which the Court delayed rendering its opinion because it wanted further documentation, as set forth in an order (Docket No. 41) dated July 5, 2012, to be produced by Debtor a certain dates and/or at an adjourned date of September 17, 2012. This latter date was adjourned to October 15, 2012, at which the major inquiry was Debtor's compliance with the July 5th order. Paragraph 2 of that order was complied with by Docket No. 42 and amended Schedules. As to paragraph 3, Debtor stated that 2005 and 2006 tax returns had been previously filed, and that she had filed federal (not state or local) returns for 2007, 2008, 2009, 2010, and 2011. As to paragraph 4(a), she had copies of the returns the originals of which she said she mailed to the IRS. As to paragraph 4(b), she had some papers complying with 4(c) and (d). Since she only had one copy of each the hearing ended with (a) Debtor being required to produce copies of all of the documents she brought to court with her and which she showed to Movant, within three days of that October 15 date by way of sending them both to the Court and to Movant, who agreed that they can be considered as admitted exhibits in the matter, if so supplied.

Debtor has not yet supplied and filed what she was required to file (by the Court's July 5, 2012 order, and what she indicated would be filed within a few days after October 15, 2012, all of which the Court clearly indicated, and she agreed, were to be supplied incident to the Court making its decision on the pending motion: to wit she has not supplied (1) copies of her 2005 and 2006

2

federal income tax returns which she stated she previously mailed to the IRS but did not retain copies of (but which she is able to obtain but hasn't); (2) copies of state and local tax returns for all of the years 2005 to 2011 inclusive.

Based on all of the foregoing, the Court sees (notwithstanding it having given Debtor various opportunities to take advantage of what bankruptcy might offer her) a clear pattern of delay, recalcitrance, failure to comply with Court orders, and uncooperativeness in these successive bankruptcy cases which afford not only the basis for dismissal of Debtor's current case under both 707(a) because of unreasonable delay that has prejudiced creditors, and (b) because the totality of circumstances amount to abuse, but also justify a future case filing bar. This will give Debtor,(a teacher and someone sufficiently sophisticated to understand court orders and bankruptcy case requirements ) time to think about and evaluate her situation and appropriately deal with it. To that end, the Court also imposes a 150 day bar to Debtor refiling any bankruptcy case.

Creditor shall present an appropriate order.

**Signed on December 18, 2012**

                                                     **/s/ Walter Shapero**
                                         **Walter Shapero**
                                         **United States Bankruptcy Judge**